## HAEFNER, Admr. v FIRST NATIONAL BANK OF ELMWOOD PLACE

Ohio Appeals, 1st Dist, Hamilton Co

No 5962. Decided June 9, 1941

Chester S. Durr, Cincinnati, for appellee.

Stanley Silversteen, Cincinnati, for appellant.

524

## OPINION

By ROSS, J.

Appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County. The court rendered judgment for the plaintiff upon the pleadings and opening statement of counsel.

There is no bill of exceptions, but the court in its judgment, properly journalized, states:

"At the close of defendant's opening statement in the trial of this cause, the Court, having instructed the jury to return a verdict against the defendant upon said defendant's cross petition, for the reason that said defendant, as assignee, acquired said claim the subject of its cross petition, subsequent to the filing of the petition herein; and, upon the conclusion of the evidence, the Court having instructed the jury to find for the plaintiff upon the petition herein, and the jury having rendered their verdict in accordance with said instructions;"

The appellee-plaintiff claims this court may not consider the claims of error advanced by the defendant, because of the absence of a bill of exceptions. The recital in the judgment entry meets this claim of the plaintiff. If the court was in error in its conclusion, that the claim of the defendant advanced in its cross-petition as a set-off must have been held by the defendant prior to the filing of the petition by the plaintiff, and, as is stated this is the ground of its action in rendering judgment for the plaintiff, then such judgment must be reversed.

It is true that the recital in the journal entry also states: "Upon the conclusion of the evidence", and that this court is unaware of what evidence was introduced. However, again, the recital of the court is that the sole ground for its action in instructing a verdict for the plaintiff was that the cross-claim was not held by the defendant at the time the plantiff filed his petition.

An easy way to avoid meeting the serious question thus presented by the action of the trial court would be to state that there might have been evidence justifying the action of the trial court, although it was in error in the ground stated. In other words, the trial court in its judgment may have been correct, although for a reason other than that given.

Such action by the court would be in effect an evasion of the real question which may be fairly considered to have been presented.

The pleadings show that the plaintiff instituted an action as administrator to recover from the defendant bank a sum of money which had been deposited with the bank and for which it refused to account to the administrator.

The relationship of depositor and bank under such circumstances is that of debtor and creditor. **Cleveland Trust Co. et v Scobie, Admr., 114 Oh St 241, 247.**

The action to recover the amount of the deposit was an action in contract and under the provisions of **§11319 GC**, the defendant had a right to advance a set-off against such claim of the plaintiff in contract. The requirements under this section are that the main action instituted by the plaintiff must be in contract and the cross-claim of the defendant also in contract. It is not necessary as under **§11317 GC**, referring to counter-claim, permitting either tort or contractual cross-claims, that the cross-claim refer to the same transaction or involve the same subject matter of action.

Now in the answer and cross-petition of the defendant it appears that it acquired some sort of a cross-claim against the plaintiff.

It is stated that the defendant is the owner of such claim which was sold to it upon a date which is after the date upon which the petition was filed. It is also alleged that such claim was presented to the administrator for payment. It is true that it does not appear whether such claim is based upon contract or tort, but in considering this attack upon the pleading and the statement of counsel made in conformity thereto, every reasonable intendment must be given the pleading. The same situation prevails as upon a demurrer, in fact, the action upon the motion is in effect a demurrer to the pleadings and the statement of counsel, and the same result is reached as upon demurrer to the petition, at lease as far as construing the pleadings is concerned. See: Guardian Life Ins. Co. of America v Veser, 128 Oh St 200.

Although the cross-petition (to which no demurrer was filed or motion addressed) does not define the cross-claim as being in contract, extending the pleader the benefit of the doubt, it may be so considered.

A reply merely denied the new facts alleged.

There is therefore presented for consideration squarely the question which the trial court decided in favor of the plaintiff. That question involves the right of the defendant to cross-claim in an action in contract, setting up as the basis for such cross-claim a contractual obligation of the decedent of the plaintiff which the defendant acquired after the action was commenced by the plaintiff.

Now there is no question but that if the defendant had acquired a valid claim against the decedent's estate, it could have made such claim the basis of a separate action and if such claim was properly substantiated by proof or otherwise obtained a "several judgment" against this plaintiff. Sec. 11315 GC, provides:

"The defendant may set forth in his answer as many grounds of defense, counter-claim and set-off as he may have, whether such as heretofore have been denominated legal or equitable, or both. But the several defenses must be consistent with each other, and each must refer in an intelligible manner to the cause of action which it is intended to answer."

And §11319 GC, reads:

"A set-off is a cause of action existing in favor of a defendant against a plaintiff between whom a several judgment might be had in the action, and arising on contract or ascertained by the decision of a court. It can be pleaded only in an action founded on contract."

Certainly, the defendant had the set-off at the time it filed its cross-petition. This statute, §11315, does not qualify the time when the defendant is permitted to "have" the set-off. The statute states the defendant may set up any set-off he may have. When? Why—when he seeks to assert it by cross-petition.

The common law rule and the rule in states not having a statute similar to that of Ohio is to the contrary.

In 24 R. C. L. 833, it is stated:

"Claims Acquired After Commencement of Action. Ownership at the time suit is brought is of the very essence of set-off, and a set-off or counterclaim must not only be in existence, but in existence in favor of the defendant interposing it, and at the time the action against him was commenced; he cannot purchase it afterwards, and then set it up. It is not sufficient that it was contracted for before but not transferred to the defendant till after suit brought. To permit a claim existing before but acquired after the action had been commenced to be interposed as a counterclaim would be a departure from the rule by which actions are to be determined according to the rights of the parties as they ex-

isted at the time they are commenced. It would also encourage barratry, a practice which receives no favor from the courts. The law never intended to permit a defendant, after an action had been commenced against him, to buy up, for purposes of litigation and defense, doubtful or other claims against the plaintiff, and then interpose them to defeat in whole or in part a demand against which the defendant had no defense at the time the suit was brought. The statutes in regard to set-offs and counterclaims were intended as a shield to protect defendants from being required to pay more than the amount actually owing by them over and above all counterclaims and set-offs existing at the time suit was brought, without requiring them to institute cross actions for the recovery of their cross demands. It was also intended to prevent multiplicity of suits, and to prevent, not encourage, litigation."

However, the rule in states where the rule is modified is illustrated in the case of E. J. Hoover, et v Neill, 77 W. Va. 470. The second paragraph of the syllabus in this case is as follows:

"In an action for a debt, defendant may at the trial offer and have allowed against such debt any payment or set-off which is so described in his plea, or in his account filed therewith, before the trial, as to give notice of its nature, whether he acquired the account before or since the commencement of the action."

Stowe, Receiver v First National Bank, 1 O. C. C. 524, and Johnson, Admr. v Spiegel, 4 O. C. C. 388, are cited in support of the claim that Ohio has followed the general rule in spite of the Ohio statutes. These authorities are neither applicable nor controlling.

Some question has been raised as to the representative character of the plaintiff, and that insolvency of the estate might result in a preference to the creditor defendant. No such question is here presented by the pleadings or record. As stated before, the defendant could have obtained a "several judgment" against this plaintiff in an independent action. This is one of the tests of a set-off. If in an independent proceeding such judgment could have been obtained upon an assigned claim (against which all rights of the plaintiff and his decedent are preserved by §11321 GC) it is difficult to see why under the statutes noted the defendant may not advance any proper set-off he may "have" at the time he files his cross-petition.

It is obvious also that there is not here involved or considered a situation where the defendant seeks to augment a claim defective at the time it is advanced in the defendant's original pleading. That this can not be done is beyond question. The plaintiff has the same handicap. In 125 A. L. R. 612, it is stated:

"The rule supported by the overwhelming weight of authority appears to be that if a plaintiff or defendant has no valid and subsisting title or right to the subject of his action or counterclaim at the itme of its commencement, he may not by the subsequent acquisition, or perfection of such right or title, remedy the defect so as to succeed in the action."

The trial court erred in depriving the defendant of the right to present its acquired claim. If it is a valid set-off, it has such right, regardless of when it acquired the claim providing it had it when it filed its cross-petition.

The judgment of the trial court should be reversed and the cause remanded for further proceedings in accordance with law.

MATTHEWS, PJ., concurs in separate memorandum.

HAMILTON, J., dissents in separate memorandum.

MATTHEWS, PJ., concurring:

I see no reason for denying a defendant the right to defeat a plain-

tiff's action by any defense, set-off, or counterclaim which he may have at the time of trial and which he has brought into the case by a proper pleading. Nor do I see any reason for not applying this to an action by an administrator or executor upon a cause of action in favor of the decedent, provided it can be done without disturbing the order of distribution of the decedent's estate among his creditors as provided by the statutes.

In 21 Am. Jur. 899 et seq., it is said:

"A creditor who, after the testator's death, receives money of the estate belonging to the executor or administrator is not entitled to a setoff for a debt due him from the decedent. Want of mutuality is generally relied on as a ground for denying the right of setoff in such cases. * * * Where, by reason of the special character of an asserted setoff, it appears that in no particular can the rights of any party interested in the assets of the estate be affected by its allowance or where the estate is solvent and able to pay all claims against it, including the allowed claim of a defendant asserting it as a setoff, the courts in the first instance do not, and in the latter should not, apply the strict rule of mutuality to prevent the allowance of the setoff."

In People, etc. v California Safe Deposit & Trust Co., and Teresa Bell, Admrx., (_____Cal.,_____, 141 Pac. 1181) L. R. A. 1915 A, 299, at 311, the court allowed a set-off, where it appeared that the estate was solvent, and for that reason there could be no disturbance of the statutory order of distribution among creditors. The authorities are collected in an annotation to that case.

As the judgment is reversed and the cause remanded for further proceedings, if the allowance of this set-off would enable the defendant as assignee to get an advantage in the distribution of this estate to which it would otherwise not have been entitled, that fact may be pleaded and proven.

For this reason, in addition to the reasons stated in Judge Ross' opinion, I concur in the reversal of the judgment.

HAMILTON, J., dissenting:

The opinion in this case is based upon the construction given by the writer to §11319 GC. Under the construction given, a set-off, notwithstanding it was acquired subsequently to the filing of the petition, could be set off against plaintiff's claim in his action by cross-petition. It is conceded that under the common law and in the absence of statute that could not be done. The rule at common law is stated in 24 R. C. L. 833, and is quoted in the opinion.

Therefore, if §11319 GC, gives the right to assert subsequently acquired set-off by the defendant, the statute would give added rights to the common law, and should be specific and strictly construed.

The section of the Code provides: "A set-off is a cause of action **existing** in favor of a defendant against a plaintiff," etc. I am of opinion that the word "existing", means in existence at the time the plaintiff files his petition. The statute thus construed is entirely consistent with the common law rule, and does not enlarge or extend the defendant's right to plead a subsequently acquired set-off in plaintiff's action.