424 F.2d 722
 In the Matter of IRA HAUPT & CO., a Limited Partnership, Bankrupt.
KAMERMAN & KAMERMAN, Appellant,
v.
Charles SELIGSON, as Trustee in Bankruptcy of Ira Haupt & Co., Appellee.
 No. 599.
 Docket 34118.
 United States Court of Appeals, Second Circuit.
 Submitted March 12, 1970.
 Decided April 22, 1970.
 
 Murray H. Palager, New York City, for appellant.
 Harvey R. Miller, Weil, Gotshal & Manges, New York City, for appellee.
 Before SMITH, KAUFMAN and HAYS, Circuit Judges.
 HAYS, Circuit Judge.
 
 
 1
 This is an appeal from an order of the United States District Court for the Southern District of New York denying appellant's petition for review of an order of the referee in bankruptcy and affirming that order. The referee's order granted the application of the trustee of the bankrupt's estate to recover, as preferential transfers, certain payments made by bankrupt to appellant and denied appellant's claim under Section 60c of the Bankruptcy Act, 11 U.S. C. § 96(c) (1964) to a set-off for services rendered the bankrupt after receipt of the preferences. We affirm as to the preferential transfers and reverse and remand as to the set-off.
 
 
 2
 The appellant, a firm of attorneys and accountants, rendered services to the bankrupt over a period of years. The payments, amounting to $20,700, which the referee and the district court have held to constitute voidable preferences were reimbursement for those services. The payments were made within the four months preceding the date of the bankruptcy and at the time of receiving the payment appellant knew that Haupt was insolvent.
 
 
 3
 Appellant argues that the decision of the referee, affirmed by the district court, was in error because (1) the payments made to appellant by Haupt were not in satisfaction of antecedent indebtedness, (2) the trustee failed to establish that the payments depleted the bankrupt's estate and were, therefore, preferential and (3), even if the payments constituted voidable preferences, appellant was entitled under Section 60c of the Bankruptcy Act to a set-off for services rendered after the payments were made.
 
 
 4
 Where there are concurrent findings of fact by the referee and the district court the findings are accepted by this court unless they are clearly erroneous. In re Ira Haupt & Co., 379 F.2d 884, 892 (2d Cir. 1967).
 
 
 5
 In the present case the record supports the conclusion of the referee and the district court that Haupt's payments in 1963 and 1964 to appellant amounting to $20,700 were for services rendered as tax advisers during the period from 1959 to 1963. In the case of the first bill rendered (for $14,000) the bill itself states that it is for past services and the following appears on it in the handwriting of a senior partner of appellant firm:
 
 
 6
 "Covering services from 1961 to November 30, 1963 * * *"
 
 
 7
 We reject as wholly unpersuasive appellant's argument (characterized by the district court as "convoluted") that "no debt existed until the bill was sent."[1] It is not credible that there was no understanding between Haupt and appellant that appellant would be reimbursed for its services. It is of no consequence that the exact amount of such reimbursement remained to be fixed at a later period. Haupt raised no question as to the amount, nor does the trustee.
 
 
 8
 Appellant's second contention, that the payments by Haupt did not result in a depletion of the bankrupt's estate, is based on the same rationale, i. e., that the payments were not made for an antecedent debt but for a present consideration. This contention obviously fails on the same ground as appellant's first contention.
 
 
 9
 We conclude that there was no error in the holding of the referee and the district court that Haupt's payments were made on account of an antecedent indebtedness and resulted in depletion of the estate.
 
 
 10
 After the payments which we have held to constitute voidable preferences were made, appellant performed further services for Haupt for which it received no payment. It is for reimbursement for these services that appellant claims a set-off of $11,600 against the trustee's recovery on the preferential transfers.
 
 
 11
 Section 60c of the Bankruptcy Act, 11 U.S.C. § 96(c) (1964), on which appellant relies, provides:
 
 
 12
 "If a creditor has been preferred, and afterward in good faith gives the debtor further credit without security of any kind for property which becomes a part of the debtor's estate, the amount of such new credit remaining unpaid at the time of the adjudication in bankruptcy may be set off against the amount which would otherwise be recoverable from him."
 
 
 13
 We believe that the services rendered by appellant to Haupt are properly to be included within the meaning of the word "property" as that word is used in Section 60c. See Kass v. Doyle, 275 F.2d 258, 262 (2d Cir. 1960), where this court said:
 
 
 14
 "The trustee also urges that services cannot constitute `value' within the meaning of § 70, sub. d(1). Such a view, in accord with that apparently taken in In the Matter of Autocue Sales & Distributing Corp., D.C.S.D. N.Y.1958, 167 F.Supp. 672, 674, must be premised on the assumption that the statute protects only those transactions which result in an immediate balance sheet increase in the assets of the debtor equal to the consideration paid out by him. We think that this is too circumscribed an interpretation of the statute; in our view it applies equally to transactions involving services. While it is true that the work performed by an attorney or an accountant or any other person rendering services is not directly reflected in the balance sheet in the same way that the purchase of stock in trade or a new machine would be shown in the inventory or fixed assets accounts, it can hardly be doubted that such services may be equally necessary to the debtor and may equally aid in the protection of the assets available for creditors in the event the bankruptcy petition should be approved. Moreover, insofar as the purpose of the section is to permit the bankrupt to carry on his day to day business affairs during the pendency of a petition, no rational distinction can be drawn between the use of services and the purchase of tangible property. One is as likely to be as necessary to the carrying on of the debtor's affairs as the other. In the present case, representation of the corporation in grievance arbitration with its employees was quite as necessary to its continuing business as the purchase of gasoline to run its buses. * * *"
 
 
 15
 Moreover we do not consider, as did the district court, that appellant's services lost their character as property of Haupt's estate because the work had to be redone. It appears that the work was not effective because Haupt's employees had made erroneous entries in the books of the organization and had failed to make other necessary entries. Surely, if Haupt had purchased a machine which broke down because of errors made by Haupt's employees in operating it, the machine, however unproductive it proved in fact to be, would constitute property within the meaning of Section 60c and the amount of credit extended for it would be a proper set-off under that section. We are unable to distinguish appellant's services here from the machine in our hypothetical case. We hold therefore that appellant is entitled to set off its claim for services against the trustee's recovery for preferential transfers. However, we are unable on the record before us to fix the amount of the allowable set-off. The district judge stated in his memorandum that time sheets submitted by appellant in support of its set-off claim were "unclear" and that work for previous tax years might be included. Because he believed that appellant was not entitled to any set-off at all it was unnecessary for the district judge to make any definite finding on these latter points. We therefore remand the case to the district court to compute the amount of the set-off allowable under our view of the applicable law, or to remand to the referee to make such computation.
 
 
 
 Notes:
 
 
 [1]
 Actually in order to avoid the conclusion that Haupt's payments were on account of an antecedent indebtedness, appellant would have to argue that no debtever existed, even after Haupt received appellant's bill.