603 A.2d 952

JOSEPH A. POJANOWSKI, III, ESQ., PLAINTIFF–RESPONDENT,
v. MARY LOSCALZO AND FRANCES TERRANOVA,
DEFENDANTS–APPELLANTS.

Argued March 2, 1992—Decided April 6, 1992.

*Kenneth C. McBroom* argued the cause for appellants (*Schepisi & McLaughlin,* attorneys).

*Tara P. D'Amato* argued the cause for respondent (*Joseph A. Pojanowski, III,* attorney; *Joseph A. Pojanowski* and *Eugene P. Maguire,* on the brief).

PER CURIAM.

In this case, the Chancery Division ordered defendant Mary Loscalzo to pay a default judgment entered against her by plaintiff, Joseph Pojanowski, III, Esq. for legal services rendered on her behalf. It further ordered that real estate, an income-producing multi-family house in which she and her daughter, defendant Frances Terranova, resided, be sold at public auction in the event she did not comply. The Chancery Division found that the real estate had been fraudulently conveyed by the mother to the daughter. The Appellate Division upheld the Chancery Division's rulings. We hereby affirm the

judgment below substantially for the reasons set forth in the unpublished opinion of the Appellate Division.

■ Defendants contend that the Chancery Division's order was invalid because plaintiff did not make a diligent attempt to locate Mrs. Loscalzo's personal property as required by *N.J.S.A.* 2A:17–1 before he obtained an order authorizing the sale of her real estate. We concur in the determination of the lower courts that under the circumstances plaintiff complied with *N.J.S.A.* 2A:17–1 in that he made reasonable efforts to determine whether defendant Loscalzo had personal assets under *Rule* 4:59–1(e). He filed a motion to compel the post-judgment deposition of Mrs. Loscalzo in order to ascertain the extent and location of her assets. Plaintiff's attorney inquired about whether she had any checking account, stocks, bonds, property, any income other than social security, any pensions, and whether she received money from any source. Loscalzo responded negatively or evasively to all of those inquiries. The Appellate Division is clearly supported by the record in determining that "[t]here can be no question but that she is insolvent, based on her own testimony, without any personal property to levy upon."

There is ample justification for the court's finding that plaintiff made a good faith effort to discover defendant Loscalzo's personal property. Furthermore, that defendant does not suggest that if an additional inquiry were mounted to find personal assets belonging to her, or if a writ of execution were issued to direct the sheriff to levy on personal assets, a different result would obtain. Defendant Loscalzo has not budged from her position that currently she has no personal assets under her ownership, control or possession.

■ The order of the Chancery Division, which authorizes plaintiff to levy on defendant Loscalzo's property to satisfy the judgment, under the circumstances should not be deemed to circumvent the statutory procedures for judgment executions as specified in *N.J.S.A.* 2A:16–17 and implemented by *Rule*

4:59–1. The trial court's order was based on the finding that defendant Loscalzo had no personal assets on which a levy could be made. In addition, the order contemplates that before any sale can occur, plaintiff must meet the requirement for a judgment execution that a writ of execution be issued to the sheriff. Moreover, plaintiff's counsel at oral argument expressly endorsed that understanding of the order.

In any event, going beyond the strictures of our judgment-execution procedures, the trial court expressly gave defendant Loscalzo a grace period of thirty days in order to satisfy the judgment. Loscalzo, throughout this protracted litigation, has been represented by competent counsel. She should be fully capable of pursuing reasonable alternatives for satisfying the judgment.

In sum, the judgment below does not constitute a judicial self-executing directive for the foreclosure of defendant Loscalzo's property. It does properly provide plaintiff with the means to secure rightful entitlement to fees that are undisputably due and owing, and, to reiterate, it grants defendant Loscalzo an additional opportunity in accordance with the thirty-day stay of execution to satisfy the judgment.

The judgment of the Appellate Division is hereby affirmed.

*For affirmance*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*For reversal*—none.