COVINGTON, Superintendent of Insurance, Appellant,

v.

UNIVERSITY HOSPITALS OF CLEVELAND et al., Appellees.

[Cite as *Covington v. Univ. Hosp. of Cleveland,* 149 Ohio App.3d 479, 2002-Ohio-4761.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 01AP–1142.

Decided Sept. 12, 2002.

480

Betty D. Montgomery, Attorney General, Kegler, Brown, Hill & Ritter, Richard W. Schuermann Jr., Stephen D. Estelle and John P. Brody, Special Counsel for appellant.

Vorys, Sater, Seymour & Pease, L.L.P., and Thomas B. Ridgley; Vorys, Sater, Seymour & Pease L.L.P., Anthony J. O'Malley and Marcel C. Duhamel, for appellees.

LAZARUS, Judge.

{¶ 1} Plaintiff-appellant, J. Lee Covington II, Ohio Superintendent of Insurance and liquidator of Personal Physician Care, Inc., appeals from the September 10, 2001 decision and judgment entry granting the motion for summary judgment filed by defendants-appellees, University Hospitals of Cleveland ("UHC") and University Faculty Practice Association, Inc. ("UFPA"), and denying the motion for summary judgment filed by appellant. For the reasons that follow, we affirm, although for a different reason from that given by the trial court.

{¶ 2} Appellees are health care providers who provided services under provider agreements with Personal Physician Care, Inc. ("PPC"), an Ohio health maintenance organization ("HMO") with approximately 85 percent of its members being Medicaid recipients. In late 1997, PPC was experiencing financial difficulties and became substantially in arrears to appellees. On or about November 25, 1997, PPC was placed under the supervision of the Superintendent of Insurance. While under the supervision of the superintendent, PPC made the following payments: $633,998.86 to UHC on November 26, 1997; $540,000 to UHC on February 5, 1998; $60,000 to UFPA on February 5, 1998; and $39,707.44 to UHC on May 14, 1998.

{¶ 3} In August 1998, appellant's predecessor in office, Harold T. Duryee, determined that PPC was in such financial condition that further transaction of business would be hazardous financially to its policyholders, creditors, or the public. The superintendent brought an action against PPC. The Franklin County Court of Common Pleas issued an order of rehabilitation on August 12, 1998. *Harold T. Duryee v. Personal Physician Care, Inc.*, Franklin County C.P. No. 98CVH08–6251.

{¶ 4} On August 20, 1998, the court entered an order of liquidation and appointment of receiver. Appellant has since succeeded Harold T. Duryee and has been automatically substituted as liquidator for PPC pursuant to Civ.R. 25(D).

{¶ 5} On December 1, 1998, appellant, in his capacity as liquidator, sought to void the payments made to UHC and UFPA as preferences pursuant to R.C.

3903.28(A)(1) and to have the money returned to the liquidation estate for proportional distribution to all of PPC's creditors in the same class as appellees. The parties filed cross-motions for summary judgment.

{¶ 6} Appellees asserted that after February 5, 1998, and continuing until at least August 20, 1998, they continued to provide services to PPC on credit in an amount in excess of the $1.2 million in allegedly preferential payments that they received. Appellees contended that even if the payments were found to be preferential, appellees were entitled, pursuant to R.C. 3903.30, to set off amounts PPC owed them against the alleged preferences. Appellant argued that he was entitled to summary judgment because the payments were clearly preferential, and the setoff provision in R.C. 3903.30 could not be read in such a way as to eviscerate the preference statute.

{¶ 7} The trial court granted appellees' motion for summary judgment, concluding that appellees were entitled to set off the amounts PPC owed them against the alleged preferences pursuant to R.C. 3903.30. This appeal followed, with appellant assigning as error the following:

{¶ 8} "The trial court erred when it held that Defendants–Appellees ('Defendants') who (1) prior to the liquidation had received a preferential payment that is now recoverable by the Liquidator of the Estate of Personal Physicians' Care, Inc. ('PPC'), and (2) after the inception of the liquidation asserted claims against the Estate of PPC, could set off their asserted claims against their statutory liability for receipt of the preferential payment."

{¶ 9} Appellate court review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.* (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841. "When reviewing a trial court's ruling on a summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.* (1997), 122 Ohio App.3d 100, 103, 701 N.E.2d 383. Summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343.

{¶ 10} Resolution of appellant's assignment of error requires us to consider the interplay between the preference section, R.C. 3903.28(A), and the setoff section, R.C. 3903.30(A), of Ohio's insurance liquidation statute. It is presumed that in enacting the liquidation statute, the legislature intended the entire statute to be effective. R.C. 1.47(B). Thus, the issue before us is how to resolve the

tension between these competing policies in a way that gives effect to both sections of the statute. We also note that Ohio's liquidation statute was modeled after the Bankruptcy Act of 1898, and due to the dearth of case law interpreting the liquidation statute, this court has looked to federal bankruptcy law as an aid to interpreting the statute. See *Covington v. Univ. Hosp. of Cleveland,* Franklin App. No. 01AP–1140, 2002-Ohio-4304, 2002 WL 1935918.

{¶ 11} R.C. 3903.28(A)(1), the preference section, provides:

{¶ 12} "A preference is a transfer of any of the property of an insurer to or for the benefit of a creditor, for or on account of an antecedent debt, made or suffered by the insurer within one year before the filing of a successful complaint for liquidation under sections 3903.01 to 3903.59 of the Revised Code, the effect of which transfer may be to enable the creditor to obtain a greater percentage of his debt than another creditor of the same class would receive. If a liquidation order is entered while the insurer is already subject to a rehabilitation order, then such transfer shall be deemed preferences if made or suffered within one year before the filing of the successful complaint for rehabilitation, or within two years before the filing of the successful complaint for liquidation, whichever time is shorter."

{¶ 13} R.C. 3903.30, the setoff section, provides: "Mutual debts or mutual credits between the insurer and another person in connection with any action or proceeding under sections 3901.01 to 3903.59 of the Revised Code shall be set off and the balance only shall be allowed or paid, except as provided in division (B) of this section and section 3903.33 of the Revised Code."

{¶ 14} The purpose of the preference section is to require preferred creditors to return preferential payments to the liquidation estate so that all creditors in the same class may be treated equally and equitably. Appellant argues that to allow appellees to set off another debt owed to them against the preference would completely disrupt the principle of equitable distribution embodied in the liquidation statute and render the preference statute useless.

{¶ 15} Appellant is correct that the allowance of setoffs conflicts to some extent with the policy of equitable distribution. However, "a right of setoff is a remedy that has long been recognized and enforced in the commercial world at large, as well as under every one of the nation's bankruptcy acts." 5 Collier on Bankruptcy (15 Ed.Rev.2001), at ¶ 553.02[1]. The rule allows parties that owe mutual debts to state the accounts between them, subtract one from the other, and pay only the balance. *In re Pineview Care Ctr., Inc. v. Mappa* (Bankr.Ct. N.J.1992), 142 B.R. 677, 684. Some courts and commentators have characterized setoff as a form of lawful preference, *Duryee v. Am. Druggists Ins. Co.* (Jan. 3, 1996), Franklin C.P. No. 86CV03–1381 (citing cases). Thus, it is clear that the right of setoff creates an exception to the general rule of equality of distribution,

and we must next determine whether the preference section imposes any limits on the right of setoff set forth in R.C. 3903.30.

{¶ 16} Appellees argue that the phrase "any action or proceeding" in R.C. 3903.30 clearly includes preference actions and, therefore, the statute on its face includes preference actions as being subject to a right of setoff. The trial court found that "[h]ad the Ohio General Assembly chosen to exclude preference actions, the statute could have so provided."

{¶ 17} The general rule in bankruptcy is to the contrary. "[I]n an action by a trustee to recover money paid or property transferred to a creditor under the preference provisions of the Code, the creditor cannot offset its liability against either a separate debt owed to it by the debtor or the original liability on account of which the preferential transfer was made." 5 Collier on Bankruptcy (15 Ed.Rev.2001), at ¶ 553.03[3][e][v] and cases cited therein.

{¶ 18} We are inclined to follow the reasoning of federal bankruptcy law. We read the phrase "any action or proceeding under sections 3903.01 to 3903.59 of the Revised Code" of R.C. 3903.30 to refer to the liquidation statute generally, rather than specifying that setoff is permissible against a preference otherwise avoidable by the liquidator. We find support for this reasoning in R.C. 3903.28(I), another subsection of the preference section. That subsection of the preference section contains its own setoff provision, providing as follows: "If a creditor is preferred, and afterward in good faith gives the insurer further credit without security of any kind, for property which becomes a part of the insurer's estate, the amount of the new credit remaining unpaid at the time of the complaint may be set off against the preference which would otherwise be recoverable from him."[1] Permitting a creditor to set off a claim against its preference liability under R.C. 3903.30 would render R.C. 3903.28(I) superfluous and meaningless.

{¶ 19} Nor do we find that our construction of R.C. 3903.30 renders the setoff section meaningless. Other setoffs are permissible under the statute, but the preference section's own subsection should govern setoffs against preferences. Thus, in order to reconcile the competing interests of the preference section and the setoff section, we conclude that appellees may not set off the obligations owed by PPC to appellees under R.C. 3903.30, but they may invoke R.C. 3903.28(I), which could preclude their obligation to repay the alleged preference amounts.

---

1. Section 60c of the Bankruptcy Act of 1898 contained a similar provision, Section 96(c), Title 11, U.S.Code, which provides: "If a creditor has been preferred, and afterward in good faith gives the debtor further credit without security of any kind for property which becomes a part of the debtor's estate, the amount of such new credit remaining unpaid at the time of the adjudication in bankruptcy may be set off against the amount which would otherwise be recoverable from him."

{¶ 20}  Appellant claims that appellees cannot set off their claims for additional services rendered against the preference payments, because the services are not "property" within the meaning of R.C. 3903.28(I).  Again, looking to the analogous federal bankruptcy law, we find that "property" under the analogous bankruptcy provision has been construed to include lawyers' and accountants' services.  *In re Ira Haupt & Co.* (C.A.2, 1970), 424 F.2d 722, 724.  Under this reasoning, the medical services provided to PPC by appellees may be offset against the alleged preferences.

{¶ 21}  Appellant also claims that even if such payments could be set off pursuant to R.C. 3903.28(I), the matter must be remanded to the trial court to make a finding as to the value of the credit appellees provided after they received the preferential payments.  In their cross-motion for summary judgment, UHC claimed setoff for credit given to PPC after February 5, 1998, in the amount of $3,590,687.  UFPA claimed that the amount of setoff for credit given to PPC after February 5, 1998, was $1,536,702.90.  Appellant claimed that the appropriate amount for UHC was $1,255,576.70, and the appropriate amount for UFPA was $400,423.18.

{¶ 22}  Although the parties disagree as to the value of appellees' proofs of claim, the dispute is not a genuine issue of material fact, for even under appellant's figures, the amount to be set off exceeds the amount of the alleged preferences.  Thus, appellees are entitled to judgment in their favor as a matter of law, although on different grounds than those espoused by the trial court.

{¶ 23}  Based on the foregoing, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

PETREE and BROWN, JJ., concur.