RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 12a0257p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

BRET A. LEWIS and REBECCA J. LEWIS,
            *Plaintiffs-Appellees,*

                                    No. 11-3044

        *v.*

UNITED JOINT VENTURE,
                *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 4:10-MC-61—James S. Gwin, District Judge.

Decided and Filed:  August 9, 2012

Before:  GUY and CLAY, Circuit Judges; HOOD, District Judge.[*]

_____

**COUNSEL**

**ON BRIEF:** Victor O. Buente, Jr., Newton Falls, Ohio, for Appellant.  S. Thomas Wienner, WIENNER & GOULD, P.C., Rochester, Michigan, for Appellees.

_____

**OPINION**

_____

    CLAY, Circuit Judge.  Defendant United Joint Venture appeals an order entered pursuant to motions for orders of garnishment filed by Plaintiffs Bret and Rebecca Lewis ("the Lewises"). The Lewises obtained a judgment in the Western District of Michigan and sought to enforce it in the Northern District of Ohio pursuant to 28 U.S.C. § 1963. The court rejected Defendant's request to set off judgments obtained by the Lewises and two other individuals with judgments obtained by Defendant.  Because the district court

_____

[*]The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

did not abuse its discretion in declining the setoff, we **AFFIRM** the district court's judgment.

## FACTUAL BACKGROUND

The Lewises, along with Howard D. Ross and J. Bruce Jennings ("the Michigan Plaintiffs"), were limited personal guarantors of loan obligations owed by River City Plastics, Inc.[1] River City Plastics, Inc. filed for bankruptcy in 2005. In 2006, Defendant acquired the original lender's position on the Michigan Plaintiffs' guaranty obligations. Defendant then reported to various credit reporting agencies that the Lewises, Ross, and Jennings were obligated in the full amount of the underlying loans rather than in the limited amount of their personal guarantees. In a complaint filed in the Western District of Michigan, the Lewises, Ross, and Jennings alleged that these reports violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681–1681x.[2] Defendant counterclaimed against each plaintiff in the amount each owed on the guaranty agreements.

After a trial, the jury returned a verdict in favor of both parties, finding Defendant liable to each plaintiff for violating the FCRA and finding the Michigan Plaintiffs in breach of their respective guaranty agreements. On August 7, 2009, the district court entered a judgment making Defendant liable to Bret Lewis for $30,000 in actual damages and $120,000 in punitive damages, and liable to each remaining plaintiff for $25,000 in actual damages and $100,000 in punitive damages. The court also jointly awarded the Michigan Plaintiffs $20,024.55 in costs and $218,674.00 in attorney's fees, as permitted by the FCRA. *See* 15 U.S.C. § 1681n(a)(3). With regard to the breach of guaranty claims, the court found Bret and Rebecca Lewis jointly liable for $256,797.29 in actual damages, Jennings liable for $255,367.29 in actual damages, and Ross liable

---

[1] As we explain below, the Lewises, Ross, and Jennings were the plaintiffs in the Michigan case, but the Lewises alone were the plaintiffs in the Ohio enforcement action. For the sake of clarity, we refer to the plaintiffs in the Michigan case as "the Michigan Plaintiffs."

[2] The FCRA "require[s] that consumer reporting agencies adopt reasonable procedures" for reporting the credit worthiness of consumers. 15 U.S.C. § 1681(b). The statute provides a private right of action against an agency that fails to comply with the FCRA's reporting requirements, allowing an aggrieved consumer to recover actual damages, punitive damages if warranted, and attorney's fees. 15 U.S.C. §§ 1681n, 1681o.

for $306,726.14 in actual damages.  The Michigan court's judgment made the Lewises net judgment creditors and Ross and Jennings net judgment debtors, leaving aside the award of attorney's fees and costs.

The Lewises then enforced the judgment in the Northern District of Ohio, the district in which Defendant's main office is located.  *See* 28 U.S.C. § 1963 (permitting the registration of a district court's judgment in any other federal district court).  Shortly thereafter, the Lewises filed five garnishment motions and a request for a writ of execution, in which they sought to collect the attorney's fees and costs awarded in the Michigan judgment.

Defendant objected to the Lewises' garnishment motions, arguing that Defendant, rather than the Lewises, was the net judgment creditor.  Specifically, Defendant argued that the proper method of calculating the parties' obligations required the court to: first, add up the amount Defendant owed the Lewises, Jennings, and Ross collectively (including the attorney's fees and costs award); second, add up the amount the Lewises, Jennings, and Ross collectively owed Defendant; and third, set off the former sum from the latter sum.  Under this formula, Defendant would be the judgment creditor against the Michigan Plaintiffs collectively in the amount of $55,192.17.  In effect, Defendant's proposed formula would use their judgment credits against Jennings and Ross to set off both their judgment debt to the Lewises and the award of attorney's fees and costs they owed to the Michigan Plaintiffs.

The Ohio district court denied Defendant's objections to the garnishments.  Relying on the August 7, 2009 order from the Western District of Michigan, the court concluded that the Lewises could recover the award of attorney's fees and costs and rejected Defendant's proposed formula.  As the district court explained, the Lewises were entitled to collect the award of attorney's fees and costs in its entirety, because that award was the Michigan Plaintiffs' joint property.  The court further explained that the contract and FCRA judgments were individual in nature.  Reasoning that Defendant could not credit the judgment debts owed by Ross and Jennings against the jointly owned

attorney's fees and costs award, the court granted the Lewises' motions. Defendant timely appealed this order. The instant appeal arises from the Ohio court's order.

Four days after the entry of the Ohio court's order, Defendant sought a writ of execution against the Lewises, Jennings, and Ross in the Western District of Michigan. Just as it had in the Northern District of Ohio, Defendant argued that the court should aggregate the judgments awarded to all parties and offset them from one another. The Lewises opposed this argument and asked the court to clarify whether the Lewises had a right to recover the attorney's fees and costs award. On February 24, 2011, the Michigan court rejected Defendant's argument, agreeing with the reasoning of the Ohio district court. The court granted Defendant's request for writs of execution but noted that, if the Lewises exercised their right of setoff, they would become net judgment creditors.

## DISCUSSION

### I.     Legal Framework

Federal Rule of Civil Procedure 69 allows a party to obtain enforcement remedies against an opposing party. *See* Fed. R. Civ. P. 69. We review a district court's enforcement remedy issued pursuant to Rule 69 for abuse of discretion. *See United States v. Clayton*, 613 F.3d 592, 595 (5th Cir. 2010); *Laborers' Pension Fund v. Dirty Work Unlimited, Inc.*, 919 F.2d 491, 494 (7th Cir. 1990); *see United States v. Conces*, 507 F.3d 1028, 1040–41 (6th Cir. 2003). We will reverse for an abuse of discretion where we are left with the "definite and firm conviction that the district court committed a clear error of judgment in its conclusion." *In re Scrap Metal Litig.*, 527 F.3d 517, 528 (6th Cir. 2008) (internal quotation marks and citation omitted).

Rule 69 requires an enforcing court to "accord with the procedure of the state where the court is located" unless a federal statute provides an alternative procedure. Fed. R. Civ. P. 69(a)(1); *see Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 357–58 (6th Cir. 2002) ("[J]udgments registered pursuant to 28 U.S.C. § 1963 must be enforced in accordance with the laws of the registering state."). No federal statute governs the

means of enforcing a judgment pursuant to the FCRA; therefore, Ohio law governs the enforcement procedures in this case.

The right to setoff mutual debts exists as a remedy under Ohio law. *In re Kleather*, 208 B.R. 406, 413 (S.D. Ohio 1997). A setoff "is that right which exists between two parties, each of whom under an independent contract owes a definite amount to the other, to setoff their respective debts by way of mutual deduction." *Witham v. S. Side Bldg. & Loan Ass'n of Lima, Ohio*, 15 N.E.2d 149, 150 (Ohio 1938); *see In re U.S. Aeroteam, Inc.*, 327 B.R. 852, 861 (S.D. Ohio 2005) ("Setoff is a doctrine that allows entities who owe money to each other to cancel out or apply their mutual debts against each other thereby avoiding the 'absurdity of making A pay B when B owes A.'" (quoting *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995)). In Ohio, the decision to grant a party's request for a setoff lies within the discretion of the trial court. *Schumann v. Schumann*, 944 N.E.2d 705, 836 (Ohio Ct. App. 2010).

## II.     Analysis

As we explained above, Defendant wanted the district court to set off the collective judgments in favor of the Michigan Plaintiffs, along with the Michigan Plaintiffs' award of fees and costs, from the judgments in favor of Defendant. Under this formula, Defendant would be a net judgment creditor in the amount of $55,192.17. The district court did not abuse its discretion by declining to structure its judgment in the manner Defendant would have preferred.

The district court would likely have violated Ohio law by adopting Defendant's proposed formula, because the proposed formula calls for setting off non-mutual debts. In order for a party to avail itself of a right of setoff, both parties must "owe mutual debts" to one another. *Covington v. Univ. Hosp. of Cleveland*, 778 N.E. 2d 54, 57 (Ohio Ct. App. 2002). This requirement of "mutuality of obligation" means that "the debts must be to and from the same persons and in the same capacity." *Schalmo Constr., Inc. v. A. Bonamese Contracting*, No. 2009-CA-00037, 2009 WL 3004052, at *1 (Ohio Ct. App. Sept. 21, 2009) (citing *Nichols v. Metro. Life Ins. Co.*, 31 N.E.2d 224, 225 (Ohio 1941)); *see Smaltz v. Nat'l City Bank, N.E.*, 736 N.E.2d 95, 99 (Ohio Ct. App.

2000) ("[M]utuality of obligation is essential to establishing a valid setoff."). The Ohio Court of Appeals has supplied a test to determine whether the purportedly offsetting debts are "to and from the same person": if the party seeking the setoff could file an independent action to obtain a judgment on the debt owed to him by the opposing party, then the parties are mutual and a setoff is permitted. *Haefner v. First Nat'l Bank of Elmwood Place*, 36 N.E.2d 308, 310 (Ohio Ct. App. 1941). By contrast, if the party seeking a setoff could not collect on the purportedly offsetting debt in an independent proceeding, then the judgments cannot be setoff absent some special justification. *Id.*; *see Cohn v. Krauss*, 67 N.E.2d 62, 68 (Ohio Ct. App. 1943).

In this case, the mutuality requirement makes Defendant's proposed formula invalid under Ohio law. The FCRA judgments that Defendant owes the Michigan Plaintiffs, and the breach of contract judgments the Michigan Plaintiffs owe Defendant, are individual in nature. Defendant could not institute an independent proceeding to obtain from the Lewises the judgments Jennings and Ross owe to Defendant. Defendant seeks to do just that with its proposed formula. Defendant's formula aggregates the judgments Defendant obtained against each plaintiff individually and attempts to make the Lewises partly accountable for the judgments against Jennings and Ross. In essence, Defendant's formula offsets its debt to the Lewises with the credits it holds against Jennings and Ross. Making the Lewises accountable for the debts of Jennings and Ross ignores the presumption requiring that debts involved in an offsetting judgment "be to and from the same persons and in the same capacity." *Schalmo*, 2009 WL 3004052, at *1.

Defendant attempts to hide this error by adding the attorney's fees and costs award to the sum of the judgments Defendant owes the Lewises, Ross, and Jennings. Defendant argues that the fee award demonstrates that the Lewises, Jennings, and Ross are parties "in reality mutual, although not so in form," making the proposed setoff proper. *Wagner v. Stocking*, 22 Ohio St. 297, 302 (Ohio 1872). This argument is incorrect. The addition of that award merely adds window-dressing to Defendant's underlying formula, which violates the presumption against setting off non-mutual debts.

The Lewises, Jennings, and Ross individually obtained FCRA judgments against Defendant; Defendant obtained breach of contract judgments against the Lewises, Jennings, and Ross individually. Adding the jointly held attorney's fees and costs award does not change the individual nature of the underlying judgments.

In fact, adding the award actually compounds the error of Defendant's proposed formula. A corollary to the mutuality requirement prohibits a court from setting off an individual debt from a joint debt absent some special justification. *Cohn*, 67 N.E.2d at 68 ("The general rule . . . is that separate debts cannot be set off against joint debts unless there is some special equity or equities to justify it.") (citation omitted); *see, e.g., FDIC v. Mademoiselle of Cal.*, 379 F.2d 660, 663 (9th Cir. 1967) ("[I]t is generally true that a separate debt cannot be set off against a joint demand."). By attempting to set off a joint debt from an individual debt (or, in this case, three individual debts), Defendant's proposed formula violates this corollary.

Defendant alternatively argues that the award of attorney's fees and costs constitutes a "special equity" permitting a setoff in this case. *Id.* A special equity may permit a court to set off judgments against non-mutual parties. *Cohn*, 67 N.E.2d at 68. For example, a court's decision to pierce the corporate veil in order to hold a corporate owner accountable for the debts of a corporate entity might justify setting off a joint debt from an individual debt. *See Ossco Prop., Ltd. v. United Commercial Prop. Group, L.L.C.*, 968 N.E.2d 535, 540 (Ohio Ct. App. Dec. 29, 2011). According to Defendant, the district court should not have treated the award of attorney's fees and costs as subject to collection by the Lewises alone. Rather, Defendant argues that the fee award was a special equity making it more proper to adopt its proposed judgment formula aggregating the judgments and the fee award.

Defendant's argument is unpersuasive. The closest Defendant comes to explaining why the attorney's fees and costs award qualifies as a special equity counseling in favor of a non-mutual setoff is Defendant's insinuation that allowing the Lewises to collect the entire award is somehow illegal or unfair. Defendant provides no legal support for this proposition. Defendant cites no rule or doctrine that prohibits a

plaintiff from obtaining the full amount of an attorney's fees and costs award jointly owned by multiple plaintiffs. The Lewises are allowed to collect the entire award, but Ross and Jennings are allowed to assert their right to a *pro rata* share of the award from the Lewises. Thus, the attorney's fees and costs award is not a special equity which would have permitted Defendant to obtain a setoff of non-mutual obligations. And even if the fee award might have qualified as a special equity, discretion regarding whether to order the setoff lies with the district court. *See Clayton*, 613 F.3d at 595; *Schumann*, 944 N.E.2d at 836. The district court did not abuse its discretion by declining not to aggregate and set off the judgments and attorney's fees and costs award.

Finally, Defendant argues that the Lewises failed to prove their entitlement to the attorney's fees and costs award because their affidavits in support "provide only the dollar amounts due." But the Lewises were only required to file a certified copy of the Michigan judgment with the Ohio court to prove their entitlement to relief. *See* 28 U.S.C. § 1963. With respect to the specific question of the proposed setoff, the Lewises were not burdened with demonstrating that a setoff judgment was inappropriate. Rather, Defendant bore the burden of proving the appropriateness of such a judgment. *Van Der Veer v. Ohio Dep't of Transp.*, 680 N.E.2d 230, 235 (Ohio 1996), *overruled on other grounds by McMullen v. Ohio State Univ. Hosp.*, No. 97API10-1301, 1998 WL 655023, at *12 (Ohio Sept. 22, 1998). Defendant argues that it carried that burden by providing detailed affidavits describing the various liabilities and their proposed setoff formula. The argument that a party proves its entitlement to a setoff by a show of actuarial rigor is decidedly unsupported under Ohio law. Defendant has failed to carry its burden of proving its right to setoff.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.