**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2938
_____

SARA ANN EDMONDSON,
                                        Appellant

v.

LILLISTON FORD INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-13-cv-07704)
District Judge:  Honorable Renée M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 15, 2024
Before:  RESTREPO, MATEY, and CHUNG, Circuit Judges

(Opinion filed December 18, 2024)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Sara Ann Edmondson appeals from the District Court's post-judgment order granting defendant Lilliston Ford Inc.'s motion to execute on her real property and denying her motion to dismiss in opposition. For the reasons that follow, we will affirm.

This case has been litigated for over a decade, and has spawned five appeals. It began with Edmondson's 2013 complaint, which alleged that Lilliston Ford sold her a defective used car.[1] After protracted proceedings which we need not revisit here, an arbitrator issued an award, dismissing Edmondson's claims and awarding attorneys' fees and costs. The arbitrator also assessed a $35 storage fee for every day that her trade-in car ("the Lincoln") remained on Lilliston's lot and Edmondson failed either to turn over its title or reimburse the $800 trade-in credit. The District Court confirmed the award and attorneys' fees and costs totaling $10,709.39, and we affirmed. See Edmondson v. Lilliston Ford Inc., 722 F. App'x 251, 255 (3d Cir. 2018) (per curiam).

Since then, Edmondson has thwarted Lilliston's efforts to collect on its judgment, which has grown considerably as a result. In 2021, Lilliston filed a motion to enforce its judgment and to hold Edmondson in contempt for violating various court orders, including post-judgment discovery orders. The District Court found that Edmondson had "engaged in a pattern of contumacious behavior . . . . making a mockery of the judicial system" by flouting its orders, filing frivolous motions, and taking various appeals. ECF

---

[1] Edmondson agreed to trade a 2004 Lincoln LS for an $800 credit towards the purchase of a used Ford Focus. Shortly after the purchase, Edmondson experienced problems with the Ford Focus. Lilliston refused her attempt to return the vehicle, and demanded title to the Lincoln or reimbursement for the $800 credit she received for the purchase.

2

No. 181 at 3-4. It therefore entered judgment against Edmondson for $144,423.45, which included over $55,000 in additional storage fees and over $88,000 in additional attorneys' fees. And, after notice and an opportunity to be heard, the District Court imposed a filing injunction, precluding Edmondson from pursuing any further actions related to this case – in either state or federal court – without the Court's permission.

Eventually, facing contempt of court, Edmondson handed over title to the Lincoln to Lilliston. But the money judgment largely remained unsatisfied. Finally, in October 2023, the District Court granted Lilliston's motion to execute upon Edmondson's real property.[2] Lilliston appeals from that judgment.[3]

We have jurisdiction pursuant to 28 U.S.C § 1291. We review for abuse of discretion an order granting a writ of execution pursuant to Federal Rule of Civil Procedure 69(a). See Lewis v. United Joint Venture, 691 F.3d 835, 839 (6th Cir. 2012) (citing cases). We review de novo the District Court's interpretation of state law. Wilson v. USI Ins. Serv. LLC, 57 F.4th 131, 140 (3d Cir. 2023).

Generally, the execution of a money judgment in federal court "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Under

---

[2] The initial judgment order was amended to reflect that Edmondson's real property is located in New Jersey, not Pennsylvania.

[3] Edmondson subsequently filed for Chapter 13 bankruptcy, and we briefly stayed the appeal after determining that the automatic stay applied, see 11 U.S.C. § 362. The Bankruptcy Court later lifted the automatic stay, and ultimately dismissed the bankruptcy case with prejudice, specifically exempting Lilliston from the automatic stay should Edmondson file any future bankruptcy proceeding. See In re Sara Ann Edmondson, D.N.J. Bankr. Ct., Case No. 23-20396-JNP; ECF No. 83.

New Jersey law, which applies here, Lilliston was first required to make "reasonable efforts to determine whether [Edmondson] had personal assets" which could satisfy the judgment before proceeding to execute on her real property. Pojanowski v. Loscalzo, 603 A.2d 952, 953 (N.J. 1992); see also N.J. Ct. R. 4:59-1; N.J. Stat. Ann. § 2A:17-1 (setting forth the "[s]equence of execution," which is directed at goods and chattels before real estate). The District Court properly determined that Lilliston made good faith efforts to identify and locate Edmondson's personalty.[4] See Pojanowski, 603 A.2d at 953-54 (recognizing that the plaintiff exerted reasonable efforts in good faith to locate defendant's personal property by "fil[ing] a motion to compel [her] post-judgment deposition . . . in order to ascertain the extent and location of her assets"); Borromeo v. DiFlorio, 976 A.2d 388, 395 (N.J. Super. Ct. App. Div. 2009) (recognizing same where defendant hired an investigator to determine if plaintiff had personal assets, and sent interrogatories to plaintiff inquiring about her assets). Moreover, Edmondson all but

---

[4] Lilliston certified to the following efforts. In June 2017, it served Edmondson with an Information Subpoena by both regular and certified mail; the former was not returned, the latter was returned "unclaimed." ECF No. 231-1 at 2. In December 2017, on Lilliston's motion, a magistrate judge ordered Edmondson to comply with post-judgment discovery. She failed to do so. In 2020, the Magistrate Judge again ordered her to comply with discovery; he also directed her to appear for a post-judgment asset discovery deposition. Under pain of contempt, Edmondson participated in a telephonic deposition. Although her deposition answers were somewhat evasive, Edmondson conveyed that she did not own any personal property of value. In 2018 and 2021, Lilliston served a Subpoena to Produce Documents on banking institutions in New Jersey; only Members 1st of NJ Federal Credit Union responded that Edmondson had an account at its bank. In 2018, 2019, and 2022, Lilliston obtained, and recorded, a writ of execution to execute on Edmondson's checking and savings accounts at Member's 1st. Each time, the United States Marshal levied on those accounts. Lilliston received a total of $9,209.92. Finally, it hired a private investigator to determine if Edmondson had any additional assets other than her real property, but none were located.

confirmed in her deposition testimony that she had no personal assets worth levying, and she did not meaningfully contest the motion to execute.[5] See Pojanowski, 603 A.2d at 953 (finding that plaintiff had sufficiently complied with N.J. Stat. Ann. § 2A:17-1, in part because defendant denied having any personal property assets, suggesting that further inquiry by plaintiff would not be fruitful). The record therefore supports the determination that Edmondson's personal property could not reasonably be located or was insufficient to satisfy the judgment. The District Court therefore properly granted a writ of execution on Edmondson's real property.

The District Court began its decision aptly invoking the adage "[j]ustice delayed is justice denied." ECF No. 238 at 1. Edmondson's endless and frivolous post-judgment litigation has not only precluded Lilliston from collecting its due, it has also resulted in a fifteen-fold judgment against her. We will delay justice no further.[6]

---

[5] Edmondson filed a motion to dismiss in response to the motion to execute, in which she seemingly argued that Lilliston could not execute on its judgment until her supplemental state law claims, which she maintained were dismissed when the District Court administratively terminated her summary judgment motion, were adjudicated in the state courts. She also argued that the District Court could not enjoin her from pursuing those claims in the state courts. These arguments, which are also the only ones she raises on appeal, are meritless. All of Edmondson's claims – both state and federal – were dismissed with prejudice by the arbitrator as part of the arbitration award. Moreover, six months after the filing injunction was entered, Edmondson filed an action against Lilliston Ford in state court for claims related to the purchase of the Ford Focus; it was dismissed as barred by the doctrines of res judicata and collateral estoppel . See Edmondson v. Lilliston Ford, No. A-3286-21, 2023 WL 5256013, at *5 (N.J. Super. Ct. Aug. 16, 2023) (recognizing that "the determination of the issue – whether plaintiff could make out any of her state law claims – was essential to the arbitrator's decision").

[6] Appellant's "Motion for Leave to File an Amended Reply Brief and Supplemental Appendix," document titled "Retaliation & Harassment Personal Injury S. Ct. Rule 19 Certified Question," "Motion to Reconsider Order dated 08/19/2024," and "Motion for Recusal – 28 U.S. Code § 455 Supreme Court 19" are denied. Appellee's motion to

Based on the foregoing, we will affirm the District Court's judgment.

---

strike Appellant's documents docketed at 3d Cir. ECF Nos. 61-66, including "Immediate Injunctive Relief Article III Section 2 Clause 1.11.6 Prima Facie Certified Docket" and "18 USC 241 & 18 USC 242 Article III Section 2 Clause 1.11.6 Certified Question - Rule 19," is granted. To the extent that the parties request any additional relief, it is denied.