OPINION
{¶ 1} Appellant, Jefferson County Child Support Enforcement Agency ("CSEA"), appeals a decision of the Jefferson County Common Pleas Court, Juvenile Division. The decision adopted a magistrate's decision denying enforcement of a child support order put forth by the CSEA. Instead, the trial court issued its own support order.
 {¶ 2} Tara Gilliam ("Gilliam") had a child Nathan Gilliam (Nathan) on June 4, 1998. By virtue of Gilliam's receipt of public assistance and/or services, she assigned child support due and owing her to the Ohio Department of Job and Family Services ("ODJFS"). CSEA, an agent and the enforcement arm of the ODJFS, sought to collect the child support from Nathan's father. The CSEA *Page 642 
determined Steven DeLauder ("DeLauder") was the father because he had signed Nathan's birth certificate accordingly.
 {¶ 3} An administrative support hearing was held at the CSEA on February 2, 1999. Gilliam appeared at the hearing and, although he had received notice, DeLauder did not. On February 3, 1999, an Administrative Order for the Payment of Child Support was issued by the CSEA requiring DeLauder to pay support in the amount of $50.00 per month, plus a 2% processing charge, effective March 5, 1999. The order also required DeLauder to seek employment, and to notify the CSEA upon obtaining employment, or income, or ownership of any asset with a value of $500.00 or more. A copy of the order was sent to DeLauder, and both Gilliam and DeLauder were given notice of their right to object to the order. Neither party lodged any objections.
 {¶ 4} Thereafter, DeLauder made some payments towards his child support obligation, but each year he consistently fell short of satisfying the entire amount as set forth in the order. In 1999, he paid $224.44 of $494.38. In 2000, he paid $405.54 of $600. In 2000, he made no payments towards an obligation of $600.00. As of December 31, 2001, DeLauder owed $1,064.40 in arrearages and $30.58 in processing charges.
 {¶ 5} The CSEA attempted to enforce the order by sending DeLauder letters on four separate occasions. When DeLauder failed to respond, the CSEA filed a "Complaint for Compliance with Administrative Order of Support; for Contempt; and for Judgment on Arrears" on August 20, 2001. After DeLauder failed to respond, the CSEA moved for default judgment. At a hearing on the motion before a magistrate, the CSEA provided testimony concerning the administrative order and DeLauder's failure to comply therewith.
 {¶ 6} On January 11, 2002 and April 18, 2002, the magistrate issued decisions denying the relief the CSEA had requested, finding that the administrative hearing did not comply with state and federal standards of due process of law. The magistrate reasoned that: (1) no evidence was presented that the administrative hearing was taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device; and (2) no evidence was presented that the hearing officer was admitted to the practice of law in Ohio.
 {¶ 7} On May 6, 2002, the CSEA filed objections to the magistrate's decisions. On May 17, 2002, the trial court overruled those objections. On June 14, 2002, the trial court filed a judgment entry denying the relief requested by the CSEA for reasons set forth in the magistrate's decisions. The court also established an order of support, contrary to the administrative order, requiring DeLauder to pay $50 per month, effective retroactive to September 1, 2001, the day after the CSEA filed its complaint. The court also held that DeLauder receive credit for payments made in 1999 and 2000. Additionally, *Page 643 
the court filed a separate order requiring DeLauder to seek employment and report those efforts to the CSEA. This appeal followed.
 {¶ 8} The CSEA's first assignment of error states:
 {¶ 9} "The trial court erred by failing to enforce the administrative order of child support."
 {¶ 10} The CSEA argues that the fact that the administrative officer who conducted the administrative support hearing is not an attorney does not violate due process. As illustrated by the CSEA, the Revised Code supports this contention.
 {¶ 11} R.C. 3111.53(A) states:
 {¶ 12} "A child support enforcement agency, in accordance with the rules adopted by the director of job and family services pursuant to division (B) of this section, shall employ an administrative officer, contract with another entity to provide an administrative officer, or contract with an individual to serve as an administrative officer to issue administrative orders determining the existence or nonexistence of a parent and child relationship, requiring the payment of child support, or both."
 {¶ 13} Additionally, R.C. 3111.53(B) provides:
 {¶ 14} "The director of job and family services shall adopt rules in accordance with Chapter 119. of the Revised Code regulating administrative officers who issue administrative orders described in division (A) of this section, including the following:
 {¶ 15} "(1) The qualifications of the administrative officer;
 {¶ 16} "(2) Any other procedures, requirements, or standards necessary for the employment of the administrative officer."
 {¶ 17} Nothing in R.C. Chapter 119 mandates that an administrative officer be an attorney. R.C. 119.09 states:
 {¶ 18} "In any adjudication hearing required by sections 119.01 to119.13 of the Revised Code, the agency may appoint a referee or examiner to conduct the hearing. The referee or examiner shall have the same powers and authority in conducting the hearing as is granted to the agency. Such referee or examiner shall have been admitted to the practice of law in the state and be possessed of such additional qualifications as the agency requires." (Emphasis added.)
 {¶ 19} Thus, it is only when the administrative agency chooses to appoint a referee or examiner to conduct an administrative hearing that the referee or examiner be an attorney admitted to the practice of law. On the other hand, the *Page 644 
Ohio Administrative Code sets forth the qualifications for an administrative officer. Specifically, Ohio Adm. Code 5101:1-32-01
provides:
 {¶ 20} "(A) The CSEA director shall appoint, employ or contract with an individual to serve as an administrative officer of the CSEA. The administrative officer shall be a notary public, an individual with extensive child support program knowledge, someone who is objective and very familiar with issues of paternity and support including establishment, modification and enforcement and conducting hearings that are subject to court review. If the CSEA contracts with another entity or individual to serve as an administrative officer, the contract requirements as set forth in rule 5101:1-29-50 of the Administrative Code must be adhered to and followed.
 {¶ 21} "(B) The administrative officer's duties shall include, but not be limited to, issuing orders pertaining to paternity including genetic tests and support in accordance with sections 3111.21, 3111.38
and Chapter 3119. of the Revised Code. The officer may schedule and conduct conferences and hearings related to issues of paternity and the payment of support to include review and adjustment and mistake of fact hearings along with other administrative duties as determined by the CSEA director.
 {¶ 22} "(C) In any administrative determination, the person(s) who is the subject of the process has the right to a notice and a right to contest the administrative determination to a judicial authority within a specified time limit.
 {¶ 23} "(D) Whenever an administrative hearing is held, the administrative officer shall compile a record of the proceedings which includes copies of all documents and exhibits submitted. The record shall be maintained at the CSEA in a manner that would make it acceptable and accessible for court use."
 {¶ 24} Therefore, an administrative officer conducting a hearing need not be admitted to the practice of law. The administrative officer need only be a notary public, an individual with extensive child support program knowledge, someone who is objective and very familiar with issues of paternity and support including establishment, modification and enforcement and conducting hearings that are subject to court review.
 {¶ 25} In this case, no one objected to or appealed the administrative order as provided by statute. The order was signed by administrative officer Donna Anderson ("Anderson"). The record is devoid of any indication that Anderson was unqualified. Thus, the trial court erred in declining to enforce the order on the basis that the administrative hearing was not conducted by an attorney admitted to the practice of law.
 {¶ 26} The CSEA next argues that the administrative child support proceeding did not violate due process for the reason that no record of the *Page 645 
proceeding was taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device, as was determined by the magistrate.
 {¶ 27} As referenced earlier, Ohio Adm. Code 5101:1-32-01(D) provides:
 {¶ 28} "(D) Whenever an administrative hearing is held, the administrative officer shall compile a record of the proceedings which includes copies of all documents and exhibits submitted. The record shall be maintained at the CSEA in a manner that would make it acceptable and accessible for court use."
 {¶ 29} Even if stenographic records of administrative child support hearings are required under R.C. 119.09 as the magistrate inferred, an obligor has the opportunity to request a hearing or rehearing for the purpose of making such a record in the event that one was not made originally. R.C. 119.09 provides:
 {¶ 30} "At any adjudication hearing required by sections 119.01 to119.13 of the Revised Code, the record of which may be the basis of an appeal to court, a stenographic record of the testimony and other evidence submitted shall be taken at the expense of the agency. Such record shall include all of the testimony and other evidence, and rulings on the admissibility thereof presented at the hearing. This paragraph does not require a stenographic record at every adjudication hearing. In any situation where an adjudication hearing is required by sections 119.01 to119.13 of the Revised Code, if an adjudication order is made without a stenographic record of the hearing, the agency shall, on request of the party, afford a hearing or rehearing for the purpose of making such a record which may be the basis of an appeal to court. The rules of an agency may specify the situations in which a stenographic record will be made only on request of the party; otherwise such a record shall be made at every adjudication hearing from which an appeal to court might be taken."
 {¶ 31} Therefore, an administrative order is not invalid simply due to the lack of a stenographic record. The obligor is afforded due process by having the opportunity to request a hearing or rehearing at which a record can be made.
 {¶ 32} The CSEA next argues that the trial court erred in failing to find DeLauder in contempt of the administrative order of child support.
 {¶ 33} R.C. 3121.37 states:
 {¶ 34} "If an obligor or any other person fails to comply with an administrative child support order, the agency that issued the order may request that the juvenile court or other court with jurisdiction under section 2101.022 or 2301.03 of the Revised Code of the county in which the agency is located find the obligor or other person in contempt pursuant to section 2705.02 of the Revised Code."
 {¶ 35} R.C. 2705.02 provides in relevant part: *Page 646 
 {¶ 36} "A person guilty of any of the following acts may be punished as for a contempt:
 {¶ 37} "* * *
 {¶ 38} "(F) A failure to comply with an order issued pursuant to section 3109.19 or 3111.81 of the Revised Code[.]"
 {¶ 39} In this case, although DeLauder did make some payments towards the support order, it was clear that he did not make all required payments, and thus was in violation of the order. Therefore, he should have been found in contempt.
 {¶ 40} Accordingly, the CSEA's first assignment of error has merit.
 {¶ 41} The CSEA's second assignment of error states:
 {¶ 42} "The trial court erred by establishing a minimum order of child support retroactive to September 1, 2001, and providing credit for payments of support made prior thereto under the administrative order of support."
 {¶ 43} The CSEA argues that the administrative order was a final and enforceable order of support which the trial court should have enforced and that the minimum $50.00 per month order of support issued by the trial court was effectively a retroactive modification of a delinquent support payment.
 {¶ 44} R.C. 3119.83 states:
 {¶ 45} "Except as provided in section 3119.84 of the Revised Code, a court or child support enforcement agency may not retroactively modify an obligor's duty to pay a delinquent support payment."
 {¶ 46} R.C. 3119.84 states:
 {¶ 47} "A court with jurisdiction over a court support order may modify an obligor's duty to pay a support payment that becomes due after notice of a petition to modify the court support order has been given to each obligee and to the obligor before a final order concerning the petition for modification is entered."
 {¶ 48} "In other words, this statute provides that a court's modification of a delinquent support obligation may only be made retroactive to the date that the obligor was given notice that a petition to modify has been filed." Hakhamaneshi v. Shabani, 7th Dist. No. 00 CO 36, 2001-Ohio-3292, at ¶ 13. See, also, Gerlach v. Gerlach (1997),124 Ohio App.3d 246, 251, 705 N.E.2d 1287; Hamilton v. Hamilton (1995),107 Ohio App.3d 132, 140, 667 N.E.2d 1256; Tobens v. Brill (1993),89 Ohio App.3d 298, 303-304, 624 N.E.2d 265.
 {¶ 49} Since no request was made to the court, the trial court is barred, by statute, from retroactively modifying appellee's support obligation during this time. *Page 647 
 {¶ 50} The CSEA next argues that the trial court erred in providing credit for support payments made prior to September 1, 2001 since that would excuse DeLauder from his duty of support for periods prior to that date.
 {¶ 51} DeLauder owed a duty of support for the child from birth. Therefore, payments made by DeLauder for periods of time prior to September 1, 2001 should be recognized as support for the time periods in which they were paid, and not for periods subsequent to September 1, 2001, the date of the trial court's support order.
 {¶ 52} Accordingly, the CSEA's second assignment of error has merit.
 {¶ 53} The judgment of the trial court is hereby reversed. The February 3, 1999 Administrative Order for the Payment of Child Support issued by the CSEA is hereby reinstated and this matter is remanded with instructions to enforce said order according to law and consistent with this opinion.
Judgment accordingly.
Waite and DeGenaro, JJ., concur.